Filed 3/25/26  P. v. Montano CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ARMANDO MARTIN MONTANO,<br><br>        Defendant and Appellant. | A169898<br><br>(Contra Costa County<br>Super. Ct. No. 01001931062) |

Armando Martin Montano (appellant) appeals from the trial court's victim restitution orders following his guilty plea to four counts of forcible lewd acts upon a child (Pen. Code, § 288, subd. (b)(1)).[1]  We affirm.

BACKGROUND

In October 2021, appellant was charged by information with numerous sexual offenses against three minor victims: six counts of intercourse or sodomy with a child 10 years old or younger (§ 288.7, subd. (a)); six counts of oral copulation or sexual penetration with a child 10 years old or younger (§ 288.7, subd. (b)); and twelve counts of forcible lewd acts upon a child under the age of 14 (§ 288, subd. (b)(1)).

---

[1] All undesignated statutory references are to the Penal Code.

In November 2023, appellant pled guilty, in exchange for a stipulated sentence of 38 years imprisonment, to four of the forcible lewd acts counts— two as to Jane Doe 1, one as to Jane Doe 2, and one as to Jane Doe 3. Appellant also admitted the aggravating factor that the victims were particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)). Appellant acknowledged that victim restitution would be ordered and agreed to a *Harvey*[2] waiver.

At the December 2023 sentencing hearing, victim impact statements were made orally or in writing by Jane Doe 1; Jane Doe 1's father, stepmother, and aunt; the grandmother of both Jane Doe 1 and Jane Doe 2; and Jane Doe 3's mother. These statements described the devastating and lasting psychological impact on all three victims. At the conclusion of the hearing, the trial court sentenced appellant to the stipulated sentence and set a date for the restitution hearing.

In advance of the restitution hearing, the People filed a brief seeking $1 million in noneconomic losses for each of the three victims, relying on the evidence presented at the preliminary hearing and the victim impact statements made at sentencing. The People also submitted information on the amount of jury awards or settlement payments in numerous civil child molestation cases. Appellant filed a response arguing the amount requested by the People was excessive, distinguishing the civil cases awarding comparable amounts as involving abuse continuing for years and/or perpetrated by teachers, clergy, or caregivers. Following argument, the trial court issued orders awarding restitution of $1 million for each victim.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

DISCUSSION[3]

I.    *Restitution Amount*

Appellant challenges the amount of restitution awarded to Jane Doe 2 and Jane Doe 3, arguing the trial court relied on "the incorrect understanding that the sexual abuse of each of the three Jane Does, and not just of Jane Doe 1, continued over the course of multiple years." We reject the challenge.

A.    *Additional Background*

The only witness at the preliminary hearing was a police detective who watched interviews with all three victims. Jane Doe 1 was 11 years old at the time of her interview. Appellant had been her mother's boyfriend. Beginning when Jane Doe 1 was six and continuing until she was eight, appellant sexually abused her, engaging in more than 10 incidents of oral copulation and more than 10 incidents of vaginal intercourse. The abuse ended when appellant and Jane Doe 1's mother broke up.

Jane Doe 2 was five and six years old at the time of her interviews. Appellant was her biological father. Appellant sodomized Jane Doe 2 "at least two to three times" when she was "around four years old." Appellant also engaged in oral copulation with Jane Doe 2 "several times."[4]

Jane Doe 3 was 13 years old at the time of her interviews. Appellant had been the boyfriend of a person Jane Doe 3 referred to as her aunt, but

---

[3] We agree with appellant (and the People do not contend otherwise) that "[t]he postjudgment restitution order is appealable" and appellant "was not required to obtain a certificate of probable cause to prosecute this appeal." (*People v. Weatherton* (2015) 238 Cal.App.4th 676, 680, fn. 5.)

[4] On redirect, the detective testified that, at one point in her interviews, Jane Doe 2 said the oral copulation only happened once, but at another point she said appellant was " 'doing it to me for a long time' " and the incidents took place on different days.

who was not biologically related to her. Appellant touched Jane Doe 3's breasts and genitals on "[t]wo to three" occasions when she was four years old. Jane Doe 3 also described two incidents of vaginal intercourse. Jane Doe 3 was six years old the last time she saw appellant.

At the restitution hearing, defense counsel argued that there was only "one instance" of sexual abuse involving Jane Doe 2 and "less than five" involving Jane Doe 3. When the prosecutor responded that the evidence at the preliminary hearing was that all three victims were abused "over a period of time" involving "several incidents for each of the girls," defense counsel said her information was based on transcripts of the victims' interviews, and that she was not appellant's counsel at the preliminary hearing.

In issuing its oral ruling, the trial court found that all three victims "will carry this trauma with them throughout life." The court noted that, in the civil child molestation cases provided by the People, "most of these victims were older than the kids involved in our case," including cases involving victims who "were over 10, and they still received awards of a million or more." The court continued: "In our particular case, Jane Doe 1 suffered sexual molestation by [appellant] between the years of 2013 to 2016, approximately a three-year period of time. The conduct against Jane Doe 1 included not what we normally consider to be, you know, fondling and stuff, but oral copulation and vaginal intercourse. She was under 10 years old. [¶] Jane Doe 2 suffered at the hands of [appellant] between the years of 2017 to 2019. Oral copulation and anal penetration were some of the crimes [appellant] committed against that child --" At this point, defense counsel interjected, stating she was "going to strenuously push back on that." The court stated that counsel had already "made your record about what you believe was the evidence," and then continued: "Jane Doe 2 was between 4 or

4

5 years old when the molestation started. [¶] Jane Doe 3 suffered at the hands of [appellant] between the years of 2011 to 2014, over a three-year period of time. The molestation as to Jane Doe 3 started when she was between 4 and 5 years old. [¶] I would say in the scheme of sexual molestation cases, this is on the highly more egregious end of the scale than many other cases. Jane Doe 2 and Jane Doe 3, in particular, were very, very young at the time that the molestation started. [¶] So, the Court is going to impose $1 million noneconomic damages restitution for each of the three victims."

B.    *Analysis*

Victim restitution is awarded for "[n]oneconomic losses, including, but not limited to, psychological harm, for felony violations of Section 288, 288.5, or 288.7." (§ 1202.4, subd. (f)(3)(F).) "Noneconomic damages are 'subjective, non-monetary losses including, but not limited to, pain, suffering, inconvenience, mental suffering, emotional distress, loss of society and companionship, loss of consortium, injury to reputation and humiliation.' (Civ. Code, § 1431.2, subd. (b)(2).)" (*People v. Smith* (2011) 198 Cal.App.4th 415, 431.) " ' "A restitution order is reviewed for abuse of discretion and will not be reversed unless it is arbitrary or capricious. [Citation.] No abuse of discretion will be found where there is a rational and factual basis for the amount of restitution ordered." ' " (*People v. Gomez* (2023) 97 Cal.App.5th 111, 116.)

Appellant argues the trial court misunderstood, as to Jane Doe 2 and Jane Doe 3, the length of time over which the molestation took place. As an initial matter, to the extent the court made findings of fact that the abuse of these victims took place over a period of years, substantial evidence supports the findings. Jane Doe 2 and Jane Doe 3 both described multiple incidents of

5

sexual abuse. The evidence at the preliminary hearing did not clearly identify the length of time over which the abuse took place, and the trial court could reasonably infer that appellant would continue his sexual abuse for as long as he had access to the victims, particularly in light of the evidence that appellant's abuse of Jane Doe 1 only ended when he and her mother broke up. (See *Lincoln v. Lopez* (2022) 77 Cal.App.5th 922, 928, fn. 2 ["we view the record in the light most favorable to [the respondent] and resolve all evidentiary conflicts and indulge all reasonable inferences in support of the decision"].)

Moreover, the record does not demonstrate that the length of time during which the sexual abuse was occurring was a significant factor in the trial court's determination of noneconomic damages. To the contrary, the trial court's oral ruling indicates the court was primarily focused on the extremely young ages of Jane Doe 2 and Jane Doe 3 when appellant began molesting them. Thus, even if the trial court had made factual findings about the length of time which were not supported by substantial evidence—which it did not—the restitution order would still not be an abuse of discretion. (Cf. *In re White* (2020) 9 Cal.5th 455, 470 ["[a]n abuse of discretion occurs when the trial court . . . gives *significant weight* to an irrelevant or impermissible factor" (italics added)].)

II. *Appellant's Presence*

Appellant was not personally present at the hearing where restitution was argued and imposed. On appeal, he contends his presence was not validly waived in violation of his constitutional and statutory rights. (See *People v. Nieves* (2021) 11 Cal.5th 404, 508 (*Nieves*) ["A criminal defendant has a 'constitutional and statutory right to be present at [a] sentence modification hearing and imposition of sentence.' [Citations.] We have

6

acknowledged restitution as 'a significant aspect of a criminal sentence.' [Citations.] And we have confirmed defendant's right to be present when the trial court imposes restitution."].)

We need not decide whether there was a valid waiver because any violation of his right to be present was harmless beyond a reasonable doubt. *Nieves*, *supra*, 11 Cal.5th 404 is instructive. In that case, the defendant was not present at the restitution hearing and the record contained no waiver. (*Id.* at p. 508.) The Supreme Court held the violation harmless: "Defense counsel received notice of the proposed victim restitution almost two months prior to the hearing and thus 'had ample opportunity to discuss the contents with defendant and to seek [her] assistance . . . . Assuming [counsel] did so, defendant's presence at the hearing would have added little to [her] attorney['s] ability to argue' the propriety of the victim restitution payments. [Citation.] We conclude that defendant's absence from the restitution proceedings was therefore harmless beyond a reasonable doubt." (*Id.* at p. 509.)

Similarly here, the People submitted a restitution brief seeking $1 million for each victim well over a month before the restitution hearing, and trial counsel thus had ample time to discuss the request with appellant. Appellant argues he could have helped trial counsel at the restitution hearing because he was present at the preliminary hearing and counsel was not. But appellant could equally have advised counsel of any relevant information during the time after the People's restitution brief was filed and before the hearing. Moreover, while counsel stated that she did not represent appellant at the preliminary hearing, she could have nonetheless read the transcript and been familiar with the evidence presented. Finally, in light of our conclusion in part I, *ante*, any superior knowledge of the preliminary hearing

7

held by appellant would not have resulted in a more favorable outcome at the restitution hearing.

## DISPOSITION

The orders are affirmed.


                                                                    SIMONS, J.


We concur.

JACKSON, P. J.
CHOU, J.


(A169898)

8